IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARCICIO MORA, an individual, and REMEDIOS MORA, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK N.A., as Trustee for the holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-FF9, SELECT PORTFOLIO SERVICING, INC., and NATIONAL DEFAULT SERVICING CORPORATION, <br><br> Defendants. | Case No. 11-6598 SC <br><br> ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

On December 21, 2011, this action was removed to this Court from a California state court. Now this Court must decide a motion to remand brought by Plaintiffs Tarcicio and Remedios Mora (collectively, "Plaintiffs"). Also before the Court is a motion to dismiss the original state court complaint, brought by Defendants U.S. Bank N.A., Select Portfolio Servicing, Inc., and National Default Servicing Corporation (collectively, "Defendants"). Lastly, Defendants have objected to Plaintiffs' filing of both a First Amended Complaint and a "corrected" First Amended Complaint. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are suitable for decision without oral argument. For

the reasons set forth below, the Court DENIES Plaintiffs' motion to remand, OVERRULES Defendants' objection to Plaintiffs' amended pleadings, and DENIES AS MOOT Defendants' motion to dismiss the original complaint.

**II. BACKGROUND**

On October 28, 2011, Plaintiff Tarcicio Mora filed a Complaint against Defendants in the Superior Court of the State of California in and for the County of Sonoma. ECF No. 1 ("Not. of Removal") Ex. A ("Compl.").[1] The Complaint alleges five causes of action, all arising under California state law: (1) violation of California Civil Code § 2923.5, (2) violation of California Civil Code § 17200, (3) breach of contract, (4) promissory estoppel, and (5) a cause of action styled "declaratory relief."

On December 21, 2011, all three Defendants timely removed this action to the United States District Court for the Northern District of California, availing themselves of this Court's removal jurisdiction over diversity cases. Not. of Removal at 2. A week later, on December 28, 2011, Defendants filed a Motion to Dismiss the Complaint. ECF No. 5 ("Mot. to Dismiss"). Mora had until January 11, 2012 to file a responsive brief; he did not do so. Additionally, because this case was initially assigned to a magistrate judge, Civil Local Rule 73-1(a)(1) obligated Mora either to consent to the magistrate judge's jurisdiction or affirmatively request reassignment to a district judge. The Clerk of the Court sent the appropriate forms to Mora's counsel. ECF No. 8. Mora did

---

[1] Plaintiff Remedios Mora had not yet joined the case. This Section's references to "Mora" refer to Tarcicio Mora individually.

not respond. Accordingly, on January 13, 2012, this case was reassigned to the judge now presiding. ECF No. 11. On January 18, 2012, Defendants renoticed their Motion to Dismiss, placing it before the judge now presiding. ECF No. 12. On the same day, they filed a brief noting that Mora had not opposed the Motion to Dismiss and asking the Court to consider an additional reason for dismissal: failure to prosecute. ECF No. 13 at 2-3.

On January 23, 2012, Tarcicio Mora, now joined by Remedios Mora, filed their First Amended Complaint, ECF No. 15 ("FAC"), along with a Motion to Remand this action back to California Superior Court, ECF No. 16 ("Mot. to Remand"). The following day, on January 24, 2012, Plaintiffs filed a Corrected First Amended Complaint. ECF No. 17 ("CFAC"). Later that day, Defendants objected to both the FAC and the CFAC as untimely and asked the Court to strike them. ECF No. 18 ("Obj.") at 2-3. In the alternative, Defendants requested leave to file another motion if the Court permitted the amended pleadings to stand. Id. at 3.

**III. DISCUSSION**

    **A. Defendants' Removal Was Proper**

If a federal court would have had subject-matter jurisdiction over a civil action which a plaintiff chooses to file in state court instead, a defendant may remove the case to federal court. 28 U.S.C. § 1441(a). A case is removable pursuant to federal diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000. Id. § 1441(b) (citing id. § 1332(a)). Removal occurs at the defendant's behest; the proper procedure for challenging removal is for a

1 plaintiff to file a motion to remand the case back to state court.
2 See 28 U.S.C. § 1447(c); Moore-Thomas v. Alaska Airlines, Inc., 553
3 F.3d 1241, 1244 (9th Cir. 2009).  In the instant case, Plaintiffs
4 challenge removal on jurisdictional grounds.  They maintain that
5 Defendants, who removed in diversity, have failed to show that more
6 than $75,000 is in controversy.

7     Plaintiffs' argument rests on the faulty premise that the
8 Court may use the FAC, rather than the original Complaint, to
9 decide this Motion.  See Mot. to Remand at 3, 5.  The original
10 Complaint requests monetary relief but does not supply a dollar
11 figure.  Compl. at 17.  As explained below, this results in the
12 Court using the value of the Plaintiffs' home (the "Subject
13 Property") to calculate the amount in controversy.  Plaintiffs'
14 amended complaint, however, prays for monetary relief in the
15 jurisdictionally insufficient amount of $65,000.[2]  Id. at 5.
16 Plaintiffs invite the Court to find that only that amount is in
17 controversy here.  The Court declines to do so.  It is beyond
18 dispute that a court deciding a motion to remand may base its
19 decision only on the complaint that was operative at the time of
20 removal.  See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers,
21 Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).  And "a plaintiff may
22 not compel remand by amending a complaint to eliminate" the basis
23 of the Court's removal jurisdiction.  Id.

24     The operative pleading at the time of removal was Plaintiffs'

---

[2] Plaintiffs nowhere attempt to justify why they are entitled to damages in the precise amount of $65,000, as opposed to a figure that would clearly support removal.  Plaintiffs' omission supports an inference that the $65,000 figure was contrived to defeat removal.  The Court reminds Plaintiffs' counsel of Rule 11(b)'s prohibition on presenting a pleading to the Court for any improper purpose.

4

original state court Complaint. Because the Complaint requests monetary relief but contains no dollar amounts, Defendants bear the burden of showing by a preponderance of the evidence that more than $75,000 is in controversy here. See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). To this end, Defendants draw the Court's attention to the Complaint's fifth cause of action. Titled "Declaratory Relief," this cause of action contends that "Defendants' security interest in the Subject Property has been rendered void . . . ." ECF No. 20 ("Defs.' Opp'n to MTR") at 5 (quoting Compl. ¶ 81).

When a plaintiff seeks declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." Chapman v. Deutsche Bank Nat. Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (quotation marks omitted). In actions to enjoin foreclosure sales, to quiet title, or to remove a cloud from title, the object of the litigation is the real estate itself. See id. Thus, the object of litigation in this case is clearly the Subject Property, since Plaintiffs seek postponement of the foreclosure sale and a declaration that Defendants' interest in the Subject Property is void, which would extinguish Defendants' power to seek foreclosure.

The only question left, then, is whether a preponderance of the evidence shows that the Subject Property is worth more than $75,000. The Court finds that it does. The Court takes judicial notice of the Deed of Trust for the Subject Property. ECF No. 6 Ex. 1 ("DOT"). This document, as Defendants point out, indicates that the Subject Property acts as security for a loan in the original principal amount of $400,000. Defs.' Opp'n to MTR at 5

5

(citing DOT at 1). Plaintiffs have presented no opposing evidence. Although it is possible that a $400,000 loan might be secured by a property worth less than $75,000 -- secured, that is, by pennies on the dollar -- such an arrangement is highly unlikely. Moreover, the Subject Property is a family home in Petaluma, California, and the Court takes judicial notice of the fact, generally known in this District, that few if any residential properties there sell for less than $75,000. Fed. R. Evid. 201(b). Accordingly, the Court finds that it is more likely than not that the Subject Property was worth in excess of $75,000 at the time of removal.[3] Because the Court determines that the amount in controversy here exceeds the jurisdictional amount, the Court DENIES Plaintiffs' Motion to Remand.

### B. The FAC Was Timely Filed

Because the Court retains jurisdiction over this matter, it must decide Defendants' pending Motion to Dismiss. But first, the Court must rule on Defendants' Objection to Plaintiffs' filing of the FAC and CFAC. Defendants challenge the FAC as untimely. See Obj. at 2-3. The Court does not agree. Federal Rule of Civil Procedure 15 provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is

---

[3] The Court need not reach Defendants' arguments seeking to bring other amounts into controversy (e.g., attorney fees). However, the Court pauses to note that Defendants summarily state that attorney fees and costs "count[] toward the jurisdictional amount" for diversity. Defs.' Opp'n to MTR at 5. That is a misstatement of the law. See Dukes v. Twin City Fire Ins. Co., No. CV-09-2197-PHX-NVW, 2010 WL 94109, at *2 (D. Ariz. Jan. 6, 2010) (observing that there is "disagreement within [the Ninth Circuit's District Courts] as to whether attorneys' fees incurred after the date of removal are properly included in the amount in controversy").

6

> required, 21 days after service of a responsive pleading
> or 21 days after service of a motion under Rule 12(b) . .
> . , whichever is earlier.

Here, Plaintiff's Complaint is one "to which a responsive pleading is required" -- namely, an Answer. Defendants, as is their right, filed the instant Rule 12(b) Motion to Dismiss instead. Defendants represent that they served this Motion on Plaintiffs on December 28, 2011. Obj. at 2-3. Therefore, under Rule 15, Plaintiffs had until January 18, 2012, to amend the Complaint.

Rule 6(d) gives a party three extra days to respond if the party is served in certain ways, for example, by mail or electronic means. Plaintiffs represent that they were served with the Motion in one of those ways. See Pls.' Resp. to Obj. 2. Thus, Rule 6(d) extended Plaintiffs' January 18 deadline by three days, to January 21, 2012. That day was a Saturday. Rule 6(a)(1)(C) extends any due date that falls on a Saturday "until the end of the next day that is not a Saturday, Sunday, or legal holiday." In this case, the rule extended Plaintiffs' time to amend its pleading to Monday, January 23, 2012, and it was on that date that Plaintiffs filed the FAC. Accordingly, the Court OVERRULES Defendants' Objection to the filing of the FAC.

The CFAC warrants separate examination. Plaintiffs, unhelpfully, failed to file a Notice of Errata along with the CFAC, so it is not apparent to the Court what in the FAC they corrected, why correction was needed, or, significantly, why the purported correction is not an amendment unto itself within the meaning of Rule 15. See Thomas v. Hickman, No. 1:06-cv-00215-AWI-SMS, 2007 WL 4302974, at *1 (E.D. Cal. Dec. 06, 2007) (construing correction filed two days after FAC to be the operative pleading where

7

correction was filed along with Notice of Errata). Nevertheless, "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." Howey v. U.S., 481 F.2d 1187, 1190 (9th Cir. 1973). Thus, even if the Court were to construe the CFAC as an amendment made under Rule 15(b) rather than a correction to an amendment made under Rule 15(a), it still would grant leave to amend in the absence of undue delay, bad faith, futility, or, most importantly, prejudice to Defendants. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The Court discerns no prejudice to Defendants resulting from stylistic amendments made one day after an earlier filing.

Accordingly, the Court OVERRULES Defendants' objection to Plaintiffs' filing of the CFAC. The CFAC is the operative complaint in this case.

### C. Defendants' Motion to Dismiss Is Moot

Having determined that the CFAC is the operative complaint, the Court observes that Defendants' pending Motion to Dismiss addresses only the original state court Complaint. Plaintiffs never filed a brief in opposition to that Motion, instead amending their pleading as a matter of right. The differences between the original state court Complaint and the CFAC, though slight, have enough substance that the Court cannot say at this juncture that the pleadings are materially identical. Cf. Williamson v. Sacramento Mortg., Inc., No. S-10-2600 KJM DAD, 2011 WL 4591098, at *1-2 (E.D. Cal. Sept. 30, 2011) (applying motion to dismiss original complaint to claims in amended complaint that were

"substantially similar"). Moreover, Plaintiffs should have the chance to defend their pleading now that amendment as a matter of course is off the table.

The Court therefore DENIES the pending Motion to Dismiss as moot. The Court grants Defendants fourteen (14) days from the date of this Order to file a motion responding to the CFAC.

## IV. CONCLUSION

The Court DENIES Plaintiffs' Motion to Remand this action back to California state court and retains jurisdiction over the case. The Court OVERRULES Defendants' Objection to the filing of the First Amended Complaint, as well as the Corrected First Amended Complaint. The Corrected First Amended Complaint is now the operative complaint in this case. Accordingly, the Court DENIES AS MOOT Defendants' Motion to Dismiss the earlier, unamended Complaint. The Court grants Defendants fourteen (14) days from the date of this Order to file a motion responding to the Corrected First Amended Complaint.

IT IS SO ORDERED.

Dated: March 15, 2012

UNITED STATES DISTRICT JUDGE